RAMÓN FERNÁNDEZ SANTANA ET AL., Plaintiffs and Appellees, *v.* TOMÁS SANTANA, Defendant and Appellant.

No. 9328.   Argued November 14, 1945.—Decided January 14, 1947.

*Francisco González, Jr.,* for appellant.   *E. Cornier Martínez* for appellees.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In the original complaint filed in the Municipal Court of Humacao, the plaintiffs claimed compensation for the extra hours they had worked as clerks in the establishment "Victory Bar," owned by the defendant. The claimants subsequently filed an amended complaint, and set up a second cause of action in which they claimed compensation for days of rest. The court struck out from the complaint the second cause of action, as it considered that a new cause of action could not be set up in an amended complaint.

The plaintiffs introduced evidence, but not so the defendant. The latter urged that the evidence introduced by the former was insufficient. The court found for the claimants and adjudged the defendant to pay the following sums: to Ramón Fernández Santana, $192.50; to Zacarías Santana Rosa, $743, to Félix Villafañe Burgos, $353.26; and to Juan Mercado Arce, $461.25.

From that judgment the defendant appealed to the District Court of Humacao.

The appellants alleged, in brief, that the defendant owed to them, for overtime worked by them as clerks in his establishment, the sums stated below: to Ramón Fernández Santana, $1,067.66; to Zacarías Santana Rosa, $765; to Félix Villafañe Burgos, $376.26; and to Juan Mercado Arce, $1,283; that the defendant agreed with the claimants that the working day would consist of eight hours, that the wages would be for weeks of seven days; that he would pay them compensation for overtime worked in excess of the eight hours daily, this agreement being made for an indefinite term; that the respondent has not complied with the agreement and, hence, he owes them the sums mentioned above.

The defendant in his answer admitted that he is the owner of the establishment "Victory Bar"; that the plaintiffs worked in his establishment; that the working day agreed

upon with the plaintiffs consisted of eight hours, and that the wages of Ramón Fernández Santana, Zacarías Santana, and Juan Mercado was $7, and that of Félix Villafañe $6, per week of seven days and that they were entitled to one day of rest, which they always enjoyed; that he has paid to each and all of them the amount of their respective wages and that he does not owe them any money whatever, for anything, much less for extra hours worked.

At the trial of the case both parties introduced considerable evidence, the plaintiffs submitting their own testimony and the testimony of Jesús Santiago Rivera, Agent of the Department of Labor, and the defendant, his testimony and that of other persons, who on different occasions had worked for him.

The court, after hearing the evidence, made the following findings:

Ramón Fernández Santana worked seven days a week from October 14, 1941, to October 7, 1942, subject to the following time schedule: from 8 to 12 in the morning, from 2 to 6 in the afternoon, and from 8 to 12 in the evening. He was absent on account of illness for 20 days, for which he was not paid, and he received no additional compensation for overtime. He worked 338 days, including 4 hours overtime daily, or a total of 1,352 hours, consisting of 338 ninth hours and 1,014 regular hours, the latter at $0.10725 and the former at $0.2145, for which the defendant was adjudged to pay to Ramón Fernández the sum of $181.25.

Zacarías Santana worked seven days a week from July 10, 1939, to October 10, 1942, subject to the following time schedule: from 8 to 12 in the morning, from 1 to 6 in the afternoon, and from 7 to 11 in the evening. He was absent, sick, for 25 days for which he was not paid, and he received no additional compensation for overtime. He worked 1,163 days including 5 hours overtime daily, or a total of 5,815 hours, consisting of 1,163 ninth hours and 4,652 regular hours,

the latter at $0.125 and the former at $0.25, for which the defendant was adjudged to pay to Zacarías Santana the sum of $872.25.

Félix Villafañe Burgos worked from January 3, 1940, to October 19, 1942, for seven days a week, subject to the following time schedule: from 7 to 11 in the morning and from 2 to 7 in the afternoon. He was absent, without pay, for 23 days, and he received no additional compensation for overtime. He worked 995 days including 1 hour overtime daily, or a total of 995 extra or ninth hours, at $0.2145 each, and the respondent was adjudged to pay to Félix Villafañe the sum of $213.43.

Juan Mercado Arce worked from July 10, 1939, to October 12, 1942, seven days a week, subject to the following time schedule: from 8 to 12 in the morning, from 1 to 6 in the afternoon, and from 7 to 11 in the evening. He was absent, without pay, for 14 days, and he received no compensation for overtime. He worked 1,175 days, including 5 hours overtime daily, or a total of 5,875 hours, consisting of 1,175 ninth hours and 4,700 regular hours, the latter at $0.125 and the former at $0.25. The defendant was adjudged to pay to Juan Mercado the sum of $881.25.

From the judgment based on the foregoing findings, the defendant has appealed, and he urges that the lower court committed the errors discussed below:

"The judgment rendered by the District Court of Humacao in this case is not supported by, and is against the weight of, the evidence introduced; and the District Court of Humacao committed manifest error in weighing such evidence."

In this case it was proved—and the defendant admitted—that the plaintiffs were employed by the defendant on various occasions, and that there was an agreement between the parties to work eight hours daily. The plaintiffs introduced abundant evidence to show that they worked in excess of

eight hours a day. It is true that the defendant introduced evidence contradicting that fact, but the lower court gave credit to the testimony of the petitioners and found that the facts and the law were in favor of them. This court has repeatedly held that it will not disturb the findings of fact of the lower court unless it is shown that there was manifest error in weighing the evidence. As was said by this court in *Torres* v. *Perea,* 66 P.R.R. 164:

"Let us consider first the error attributed to the lower court in deciding the conflict in the evidence regarding the hours worked by the appellees. As to the labor contract there was no conflict: it was expressly agreed that the appellees would work eight hours a day. But the appellees testified that they worked ten hours, or ten and one-half hours daily, and the evidence for the appellants tended to show that they worked only eight hours a day. An examination of the transcript of the evidence gives us the impression that the evidence of the appellants is stronger and more trustworthy than that of the appellees. But we have not had the opportunity, which the lower court had, to see and hear the witnesses, a circumstance which in a case such as this might have a decisive influence on the weighing of the evidence. We can not, therefore, state that the lower court erred in resolving the conflict in the evidence in favor of the appellees."

And in *People* v. *Pérez,* 65 P.R.R. 5, it was held that "since, according to law, the appraisal of the evidence is entrusted to the lower court, we shall not disturb its conclusion unless manifest error, passion, prejudice, or partiality is shown."

Other decisions on this point are: *Graniela* v. *Yolande, Inc.,* 65 P.R.R. 100; *López* v. *Alvarez,* 64 P.R.R. 385; *Rivera* v. *Rossi,* 64 P.R.R. 683.

For the reasons stated we think that the lower court did not err in weighing the evidence.

■ "In spite of the fact that the lower court had ordered that the second cause of action, relating to the day of rest, be stricken from the amended complaint, in its pronouncements it adjudged the defendant to pay for overtime during

the seven days, which included the day of rest as stricken out."

As we have already stated, the lower court struck out the second cause of action from the complaint which covered the claims for days of rest. The court did not take the days of rest into account when rendering its judgment. What it decided was that the claimants proved that they had worked seven days weekly. Since the plaintiffs alleged and the court held that the contract was for a 7-day week, eight hours a day, the hourly wage was computed by dividing the weekly compensation by 56. See *Jiménez* v. *District Court,* 65 P.R.R. 35. As the stipulated weekly sum covers the ordinary hours worked by the petitioners during such seven days, the court did not err in granting compensation to them for overtime worked during the seven days.

The judgment appealed from should be affirmed.